# Exhibit A

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

PASCAL JEAN,

CASE NO.: 2015-018772-CA 01

    Plaintiff,

v.

THE PALMS SOUTH BEACH, INC.,
a Florida Profit Corporation,

    Defendant.

_____/

## SUMMONS IN A CIVIL CASE

**THE PALMS SOUTH BEACH, INC.**

Registered agent: Law Center of the Americas, LLC
201 South Biscayne Blvd., Ste. 800
Miami, Florida 33131

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET, STE. 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK  **IRMA B. MOORE**  DATE  AUG 1 7 2015

(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

**PASCAL JEAN,**

CASE NO.: 2015-018722-CA 01

Plaintiff,

v.

**THE PALMS SOUTH BEACH, INC.,**
a Florida Profit Corporation,

Defendant.

_____/

## COMPLAINT

Plaintiff PASCAL JEAN (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, THE PALMS SOUTH BEACH, INC., a Florida Profit Corporation (hereinafter "Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for damages under the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760 and Title VII of the Civil Rights Act of 1964, as amended, to redress injury done to Plaintiff by Defendant for discrimination on the basis of national origin.

2. Declaratory, injunctive, legal and equitable reliefs are sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

3. At all relevant times, Plaintiff was a resident of Miami-Dade County.

4. Plaintiff was an employee of Defendant, performing the duties of a banquet setup employee for Defendant in Miami, Florida.

5. Defendant was a "person" and/or an "employer" pursuant to the Florida Civil Rights Act of 1992, Fla. *Stat. Section 760.01, et seq.*, since it employs fifteen or more employees for

the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

6. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla Stat. Section 760.01, et seq. and Title VII.

7. At all times material hereto Defendant was an "employer" within the meaning of Florida Civil Rights Act of 1992, Fla Stat. Section 760.01, et seq. and Title VII.

8. At all times material hereto, Plaintiff was an "employee" within the meaning of Florida Civil Rights Act of 1992, Fla Stat. Section 760, et seq. and Title VII.

9. Venue is proper in Miami-Dade County, Florida.

10. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. Plaintiff is an individual of Haitian national origin and is a member of a class of persons protected from discrimination in his employment under the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760 and Title VII.

12. Plaintiff was employed by Defendant as a banquet setup employee from on or about January 20, 2004, through on or about October 23, 2014.

13. Throughout Plaintiff's employment with Defendant, Plaintiff performed his duties in an exemplary fashion. Plaintiff was subjected to pervasive and continued negative treatment based on his national origin.

14. Throughout Plaintiff's employment, non-Haitian, Hispanic and American employees were constantly given better work related opportunities and treated much better than Plaintiff.

15. When Plaintiff was promoted to a supervisor position, Plaintiff was paid less than other similarly situated Hispanic supervisors. Plaintiff was also being paid less than two other Hispanic employees who were regular banquet employees and not supervisors like Plaintiff.

16. The discriminatory treatment on the basis of Plaintiff's national origin was what inevitably led to Plaintiff's constructive discharge. The work conditions and overall work environment left Plaintiff with no other option but to seek employment elsewhere.

17. On or about October 23, 2014, Plaintiff put in his resignation.

18. Any reason proffered by Defendant for Plaintiff's termination is mere pretext for unlawful discrimination on the basis of his national origin; throughout Plaintiff's employment he was able to perform the essential functions of his job duties and responsibilities, and at all relevant times Plaintiff did perform his job at satisfactory or above-satisfactory levels.

19. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected.

## COUNT I
### *DISCRIMINATION BASED ON RACE AND NATIONAL ORIGIN IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT*

20. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-19 of this complaint as if set out in full herein.

21. At all time material hereto, Defendant failed to comply with the Florida Civil Rights Act (FCRA) of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals race, color, and national origin.

22. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon race and national origin considerations or reasons.

23. The Plaintiff is of Haitian national origin and he possessed the requisite qualifications and skills to perform his position with Defendant.

24. The Plaintiff was subjected to disparate treatment in the work place, in that similarly situated, non-Haitian, employees were allowed better work opportunities.

25. The Plaintiff was terminated as a result of his national origin. The reasons given by Defendant, if any, for his termination are mere pretext for illegal discrimination.

26. As a direct and proximate result of the Defendant unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

27. Moreover, as a further result of the Defendant's unlawful national origin based discriminatory conduct, the Plaintiff has been compelled to file this action and he has incurred the costs of litigation.

28. Plaintiff was qualified for his position with Defendant.

29. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of his national origin in the terms, conditions, and privileges of employment.

30. The Defendant's actions were malicious and were reckless indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of national origin.

31. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA, and in addition, order the following additional relief:

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that this Court will;

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to Plaintiff;

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I. Grant Plaintiff's costs of this action, including reasonable attorney's fees;

J. Grant Plaintiff a trial by jury;

K. Grant such other and further relief as the Court deems just and proper.

## COUNT II
### DISCRIMINATION BASED ON NATIONAL ORIGIN AND RACE IN VIOLATION OF TITLE VII

32. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-19 of this complaint as if set out in full herein.

33. The applicable statute, Title VII, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon race and national origin considerations or reasons.

34. The Plaintiff is of Haitian national origin and he possesses the requisite qualifications and skills to perform his position with Defendant.

35. The Plaintiff has been subjected to disparate treatment in the work place, in that similarly situated, non-Haitian, employees have been allowed better work opportunities by not being subjected to racial epithets.

36. The Plaintiff has been discriminated against as a result of his national origin and the reasons given by Defendant, if any, for this discrimination are mere pretext for illegal discrimination.

37. As a direct and proximate result of the Defendant unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

38. Moreover, as a further result of the Defendant's unlawful national origin discriminatory conduct, the Plaintiff has been compelled to file this action and she has incurred the costs of litigation.

39. Plaintiff is qualified for his position with Defendant.

40. Defendant violated Title VII by discriminating against Plaintiff because of his national origin in the terms, conditions, and privileges of employment.

41. The Defendant's actions were malicious and reckless, indifferent to the Plaintiff's rights pursuant to Title VII, protecting a person from discrimination because of race and national origin.

42. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated Title VII, and in addition, order the following additional relief:

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that this Court will;

A. Declare that the acts complained of herein are in violation of Title VII;

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to Plaintiff;

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Award any other compensation allowed by law including punitive damages and attorney's fees;

I. Grant Plaintiff's costs of this action, including reasonable attorney's fees;

J. Grant Plaintiff a trial by jury;

K. Grant such other and further relief as the Court deems just and proper

### JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated 8/12/15

Respectfully submitted,

Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637
Anaeli C. Petisco, Esq.
Florida Bar No. 0113376
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone:305-416-5000
Facsimile:305-416-5005